UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------X
SOLOW BUILDING COMPANY., LLC AND
SOLOVIEFF REALTY CO., LLC

     Plaintiffs,           MEMORANDUM AND ORDER

  - against -

                                       Civil Action No.
ATC ASSOCIATES, INC. AND SAFEWAY    01-CV-0612 (DGT)(CLP)
ENVIRONMENTAL CORP.

     Defendants.

---------------------------------X

TRAGER, District Judge:

    Plaintiffs, Solow Building Company, LLC and Solovieff Realty Co., LLC (collectively, "Solow" or "plaintiffs"), brought this action against defendants, ATC Associates, Inc. ("ATC") and Safeway Environmental Corp. ("Safeway") (collectively, "defendants") alleging two causes of action in the amended complaint. In the first plaintiffs bring a civil action under 42 U.S.C. § 7604 for defendants' alleged violations of the Clean Air Act, 42 U.S.C. § 7401 et seq. (1990) ("CAA"). The second asks for a declaratory judgment under 28 U.S.C. § 2201, requesting indemnification against potential future claims brought against plaintiffs by people injured as a result of defendants' violations of the CAA. Defendants now move under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the second claim of plaintiffs' amended complaint for lack of subject matter jurisdiction and failure to state a claim. For the reasons set

forth below, defendants' motion is granted and the plaintiffs' second cause of action is dismissed for lack of subject matter jurisdiction.

**Background**

**(1)**

Plaintiffs own a building located at 9 West 57th Street in Manhattan, New York (the "Solow Building"). (Pl.'s First Am. Compl. ("Am. Compl.") 1). Morgan Guaranty Trust Co. ("Morgan"), a tenant in the Solow Building, hired ATC to conduct air testing and monitoring, and Safeway to do asbestos abatement work on its rented floors which Morgan was obligated under the lease to demolish and renovate. (Am. Compl. 5).

Plaintiffs assert that before beginning work in late 1998, defendants did not adequately inspect the area for asbestos. (Am. Compl. 5). Defendant Safeway also failed to appropriately wet the asbestos material. Id. Then, during the asbestos abatement work, Safeway attached duct tape or pressure-fitted lumber directly to the asbestos material. Id. When Safeway removed the tape and lumber it released asbestos into the air. Id. These actions resulted in fiber counts outside the containment area that exceeded .01 fibers per cc. (Am. Compl. 6).

Defendants allegedly attempted to cover up Safeway's improper actions. Safeway altered their work logs for the job by

changing the date when they removed certain tape from the asbestos fireproofing. (Am. Compl. 6-7). The work logs also purportedly contained alterations pertaining to the asbestos-worker certifications required by state and local laws. (Am. Compl. 7). Additionally, ATC attempted to hide from plaintiffs its failure to seal batches of air-test samples. Id.

Plaintiffs claim that these actions constitute violations of regulations promulgated by the Environmental Protection Agency under the CAA. Furthermore, these activities were contrary to the procedures and regulations plaintiffs established regarding asbestos handling. (Am. Compl. 6).

The abatement work was completed in 1999. Since that time no party has come forward claiming to have been injured by defendants' actions, and plaintiffs are not requesting relief from any damages they suffered as a direct result of defendants' actions. Instead, plaintiffs request a declaration, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, "that [d]efendants must indemnify [p]laintiffs for any damages or penalties they are obligated to pay arising out of the violations of the Clean Air Act or underlying conduct of [d]efendants . . . for liability to workers and other third parties for exposure to asbestos pursuant to state or federal common law." (Am. Compl. 11).

**(2)**

Solow originally brought this action in 2001. In 2003, defendants moved for dismissal. At that time the parties were ordered to first complete discovery in order to preserve any evidence which might not be available if a potential asbestos injury claim is asserted against Solow. Since that time significant discovery has taken place and both sides report that the majority of discovery is now complete. (Pl.s' Mem. of Law in Opp'n to Def.s' Mot. to Dismiss ["Pl. Opp'n Mem."] 13; Reply Mem. of Law in Further Supp. of Safeway Env't Corp.'s Mot. to Dismiss 1, 5).

**Discussion**

**(1)**

**Ripeness Standard in Declaratory Judgment Actions**

As with any federal case, the party seeking declaratory judgment has the burden to prove subject matter jurisdiction. E.R. Squibb & Sons, Inc. v. Lloyd's & Co., 241 F.3d 154, 177 (2d Cir. 2001). A case must be ripe for adjudication for the court to have subject matter jurisdiction. See Abbott Lab. v. Gardner, 387 U.S. 136, 148 (1967) (the "basic rational [for ripeness] is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements."). A request for declaratory judgment is ripe only if "there is a substantial controversy, . . . of sufficient immediacy and reality." Olin Corp. v. Consolidated Aluminum

Corp., 5 F.3d 10, 17 (2d Cir. 1993) (citing Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)); see also 28 U.S.C. § 2201(a) ("In a case of actual controversy . . . any court of the United States . . . may declare the rights and other legal relations of any interested party").  Whether a matter is sufficiently immediate and real is a question that prohibits a single rule or answer, but rather requires a case-by-case analysis.  Kidder, Peabody & Co. Inc. v. Maxus Energy Corp., 925 F.2d 556, 562 (2d Cir. 1991).  In this analysis, relief should only be granted where it can be "of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  E.R. Squibb & Sons, Inc., 241 F.3d at 177 (internal citations omitted).

**(2)**

**The Party's Arguments**

Defendants move to dismiss plaintiffs' declaratory judgment cause of action on the ground that plaintiffs' claim is not ripe for decision and, therefore, the subject matter jurisdiction over the claim is lacking.  Defendants argue that even if everything in plaintiffs' complaint is true and defendants did in fact release asbestos, neither in the amended complaint nor in any of plaintiffs' answering papers have they ever identified any individual who was injured by defendants' actions.

In their opposition brief, plaintiffs argue that their claim

-5-

is ripe because defendants' actions created "a practical and probable likelihood that injuries will arise and that [d]efendants' liability will be triggered." (Pl. Opp'n Mem. 5). Plaintiffs contend, in light of the large number of asbestos cases that have been filed nationwide and the bankruptcies of several asbestos manufacturers, parties injured by defendants' actions while abating the Solow Building will eventually sue plaintiffs simply because, as building owners, plaintiffs will be the last "deep pockets" left standing. Plaintiffs assert that in evaluating a claim for declaratory relief a court should not look at the number of "if's" (i.e. how many facts are contingent), but rather the court should examine the "likelihood that the asserted injury will occur." (Pl. Opp'n Mem. 11 (citing Midwest Foundation Independent Physicians Assoc. v. United States of America, No. C-1-85-1482, 1986 U.S. Dist. LEXIS 27060 (S.D. Ohio Apr. 8, 1986)).

Based on this "likelihood" analysis, plaintiffs claim that they can sue for a declaratory judgment, entitling them to indemnification, before any underlying action has been commenced. For this proposition, plaintiffs rely on cases decided under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 et seq., ("CERCLA"). See, e.g. Prisco v. State of N.Y., 902 F. Supp. 374 (S.D.N.Y. 1995); Allied Princess Bay Co. No. 2 v. Atochem N. Am., Inc., 855 F. Supp. 595 (E.D.N.Y.

1993); Alloy Briquetting Corp. v. Niagara Vest, Inc., 756 F. Supp. 713 (W.D.N.Y. 1991). In the cited cases, parties were granted declaratory relief for indemnification despite the fact that the federal government had not yet, and might never have, brought suit to require the parties to pay for cleaning up the contaminated properties.

**(3)**

**Plaintiffs Fail to Prove Ripeness**

Plaintiffs are correct that a declaratory judgment action can be ripe despite the fact that not every fact is currently known. See Associated Indem. Corp. v. Fairchild Indus., Inc., 961 F.2d 32, 35 (2d Cir. 1992) ("That the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action. Rather courts should focus on the practical likelihood that the contingencies will occur.")(internal citations omitted). While plaintiffs' statement of law is accurate, their assertion that defendants' actions have created a situation where liability is sufficiently probable and immediate so as to warrant declaratory relief is not. There is no underlying law suit, no threat of a suit, and no indication so far that anyone was even injured. Therefore, any ruling based on a hypothetical future claimant is premature.

Federal courts generally decline to award declaratory relief in indemnification actions, especially before any underlying suit

has been filed.  In <u>Lear Corp. v. Johnson Elec. Holdings Ltd.</u>, 353 F.3d 580 (7th Cir. 2003), Lear Corp. ("Lear") sold a manufacturing division to Johnson Electric ("Johnson").  <u>Id.</u> at 581.  Both companies were sued in Mississippi state court because hazardous substances had leaked from one of the manufacturing plants that Lear sold Johnson.  <u>Id.</u>  Lear filed suit in federal court asking for a declaratory judgment that Johnson had to indemnify Lear.  <u>Id.</u> at 582.  Judge Easterbrook declared that all "decisions about indemnity should be postponed until the underlying liability has been established."  <u>Id.</u> at 583.  Making any decision earlier may not produce an advisory opinion in the strictest sense, Judge Easterbrook stated, but "it could be a mistake, because it would consume judicial time in order to produce a decision that may turn out to be irrelevant."  <u>Id.</u>; <u>see also</u> <u>Travelers Prop. Cas. Corp. v. Winterthur Int'l</u>, 02-cv-2406, 2002 WL 1391920 (S.D.N.Y. 2002)(deciding that a declaratory judgment for indemnification between a landlord and tenant was not ripe where the underlying liability had not yet been established); <u>FSP, Ind. v. Societe General</u>, 02-cv-4786, 2003 WL 124515, at *4 (S.D.N.Y. 2003)("Claims concerning indemnification obligations, however, are not ripe for adjudication until liability has been imposed.").

In the present action, not only have plaintiffs not yet been sued; after more than three years of discovery their papers do

not even mention anyone who was exposed to asbestos.  At best, plaintiffs have shown evidence that defendants released asbestos into the air at the construction site.  (Pl. Opp'n Mem. 11). However, plaintiffs' amended complaint clearly requests indemnification "for liability to workers and other third parties for exposure to asbestos."  (Am. Comp. ¶41.2[1]).  It is at this point, some six years after the work has been competed, too great a conjectural leap to say that because asbestos may have been released, that there is a probable likelihood that someone was injured.  Such a leap would require an opinion based purely on possible facts and would fall far short of the immediacy and reality standard required for a declaratory judgment.  See Olin Corp., 5 F.3d at 17

Additionally, even if plaintiffs were able to establish definitively that someone was exposed to asbestos, plaintiffs failed to show how they would be liable to that person. Plaintiffs contend that they are blameless in this matter.  (Pl. Opp'n Mem. 5).  Defendants were not hired by plaintiffs; they were hired by Morgan, a tenant in the Solow Building.  Plaintiffs had no contractual or supervisory relationship with defendants. (Pl. Opp'n Mem. 11; Am. Compl. ¶¶ 17, 41.1).  Plaintiffs claim

---

[1]Plaintiffs' First Amended Complaint contains two paragraphs marked as number 41. (Am. Comp. 11)  For purposes of clarity the first paragraph 41 is designated 41.1 and the second paragraph 41 is designated 41.2.

that defendants violated the practices established by plaintiffs for safe handling of asbestos. (Am. Compl. 6). Plaintiffs provide no case, under similar circumstances, where a building owner has been successfully sued. They simply provide the conclusory statement that they "may be viewed as the only 'deep pocket' around" and as a result they are under the increased threat of an impeding lawsuit. (Pl. Opp'n Mem. 5). Again, this statement alone is insufficient to make the potential of liability immediate and real. Since plaintiffs have not yet been sued and have shown no case law indicating they would be responsible for injuries caused by defendants' actions the potential liability required for indemnification is even more remote than that in the Lear case.

Given these problems in plaintiffs' analysis, their reliance on CERCLA cases raises a false analogy. In those cases the indemnification requested was for the cost of cleaning up damage to property. Prisco, 902 F. Supp. at 381; Allied Princess Bay Co. No. 2, 855 F. Supp. at 598; Alloy Briquetting Corp., 756 F. Supp. at 716. The parties knew the damage to the property had been done. Prisco, 902 F. Supp. at 380-1; Allied Princess Bay Co. No. 2, 855 F. Supp. at 598-9; Alloy Briquetting Corp.,756 F. Supp. at 716. Either the moving parties had already incurred at least some expenses in cleaning up the property, Prisco, 902 F. Supp. at 380-1, or it was highly likely that they would incur the

-10-

expenses in the near future.  <u>Allied Princess Bay Co. No. 2</u>, 855 F. Supp. at 599; <u>Alloy Briquetting Corp.</u>, 756 F. Supp. at 716. These cases are, therefore, quite dissimilar to the present matter where there is no evidence that anyone was injured by defendants' actions.

Finally, any harm caused to plaintiffs by making them wait to settle the indemnity issue until liability has been established has already been mitigated by the extensive discovery undertaken by the parties.  Plaintiffs have had ample opportunity to preserve any evidence that they will need to later establish whether defendants indeed owe plaintiffs a duty to indemnify them for asbestos claims.

## Conclusion

For the forgoing reasons, defendants' motion to dismiss the second count of plaintiffs' first amended complaint is granted.

Dated:  Brooklyn, New York
        September 28, 2005

                                    SO ORDERED:


                                    _____/s/_____
                                    David G. Trager
                                    United States District Judge